JOHN O. TEELE *vs.* EBENEZER OTIS.

Knox, 1874.—March 3, 1877.

*Principal and agent.*

When an agent duly authorized acts for another, who is named, in a matter in which he has no personal interest, he is not liable.

The remedy against one who falsely represents himself as agent for and who contracts in the name of and for another, is by an action on the case for deceit.

ON REPORT.

ASSUMPSIT for attorney's fees in the defense of four actions against the defendant's son, Ebenezer Otis, jr., in the superior court for suffolk county, Massachusetts, continued four terms and defaulted.                                          $120.

The plaintiff put in evidence the following letter from the defendant:

"Rockland, December 10, 1870.

J. O. Teele, Esq.,

Dear Sir: Having just returned from an absence of a few days, yours of the 3rd inst. is this moment received, and in reply will say, please attend to the suits against my son and prevent, if possible, judgment being taken on any of them at this term. To the suit of Potter he has a perfect defense, but needs a continuance as his witnesses are now at sea. In the suit Samuel C. Loud for owners of Schooner Grace Clifton, 'In action of contract,' I have to say there is no cause of action as the owners owe my son on ship's account some four hundred dollars, a part of which sum Samuel Watts acting agent for owners proposed to pay him in final settlement, which my son could not in justice to himself accept. In regard to the suit of Hillham, Loud & Co. *vs.* my son, he informed me that they were claiming more than was due them as his bills and receipts would show; and on leaving he desired me to settle with them. The parties in the other suit have the funds in hand and a continuance will not prejudice their interest.

Our December term of court commences here on Tuesday next and will probably continue some two or three weeks, and I cannot

leave until it closes, when I am going to Boston to settle the demands of all persons there having claims against my son. On my son leaving home for the winter, he wished me to attend to those suits and I wrote L. W. Howes, esq., attorney at law, at Boston, to attend to them and supposed that he would do so; but from some cause he has been prevented, and but for the kind suggestion of Messrs. Allison & Mason to you and your kind interposition in the matter, much loss and damage might have occurred.

Please let me hear from you on receipt of this and very much oblige,     Very truly yours, etc.,

            Ebenezer Otis."

Further evidence tended to show that the plaintiff charged the services to the defendant on his account book; that he wrote other letters to the defendant which were unanswered, and for that reason the four actions were defaulted without trial; that in one of the actions a default was taken for a less sum than the declaration called for.

After the death of Capt. Otis, at sea, insolvent, this action was commenced against his father, this defendant.

*A. P. Gould & J. E. Moore,* for the plaintiff.

*D. N. Mortland & G. M. Hicks,* for the defendant.

APPLETON, C. J. Ebenezer Otis, jr., the son of the defendant was sued in Boston in divers suits. Messrs. Allison & Mason, who were summoned as his trustees, advised the plaintiff of these suits who at once wrote to the defendant informing him of their pendency.

The defendant, December 10, 1870, answered the plaintiff's letter and after acknowledging its receipt, wrote as follows: "Please attend to the suits against my son and prevent, if possible, judgment being taken on any of them at this term." In a subsequent portion of the letter he says, "on my son leaving home for the winter, he wished me to attend to those suits and I wrote to L. W. Howes, esq., attorney at law, at Boston, to attend to them and supposed he would do so; but from some cause he has been prevented and but for the kind suggestion of Messrs. Allison & Mason to you and your kind interposition in the matter, much

loss and damage might have occurred. Please let me hear from you on receipt of this."

The parties never met. The above letter is the only one from the defendant.

The plaintiff was aware that the defendant was acting for his son. The son has since deceased. Is the defendant liable as principal?

When the principal is known and the agent is acting for such principal and not for himself and has full authority so to act, he does not become personally responsible. When the agent names his principal, the principal is bound, not the agent. "It is also a rule that he who acts on account of a friend, or for a person to be named, is not bound personally and acquires nothing for himself, when he names the person for whom he has acted or whom he has pointed out." Such is the rule of the civil law as stated by Story in his work on Agency, § 262, n. 2. And such we regard the common law.

The defendant never promised to pay. He was an attorney at law and requested the plaintiff to attend to certain business for another in which he had no interest. He no where intimates that his rights were involved. The evidence shows they were not. He testifies that he was authorized to act for his son, who would in such case be bound by his action. This suit must rest upon a special or implied promise. There is no special promise on the part of the defendant to pay and no sufficient proof of an implied one.

If the defendant was not authorized to act for his son but falsely represented himself as having authority to act for him, the remedy for the plaintiff would be by an action on the case for deceit. *Noyes* v. *Loring,* 55 Maine, 408.               *Plaintiff nonsuit.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.